IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-01725-DDD-KLM

PATRICK LAURIENTI

      Plaintiff

v.

AMERICAN ALTERNATIVE INSURANCE CORPORATION

      Defendant

---

**PLAINTIFF PATRICK LAURIENTI'S MOTION TO DISMISS
PURSUANT TO Fed. R. Civ. P. 12(b)(6)**

---

COMES NOW Plaintiff, by and through his attorneys and pursuant to Fed. R. Civ. P. 12(b)(6), and hereby respectfully moves for an Order dismissing Defendant's Counterclaim on the ground that Defendant has failed to state a claim upon which relief can be granted. As grounds for this motion, Plaintiff states as follows:

### CONFERRAL PURSUANT TO D.C. COLO. LCivR 7.1

Undersigned counsel conferred with Defendant's counsel by telephone on July 8, 2019. Defendant's counsel opposes this motion.

### I. BACKGROUND

This is an underinsured motorist (UIM) case that arises out of a motor vehicle collision that occurred on May 16, 2017. Plaintiff was driving a 2014 Ford Explorer while in the course and scope of his employment with the Adams County Fire Protection District ("District") when

the Explorer was struck from behind by a vehicle operated by Maura Ramirez, a third party tortfeasor without any form of alleged immunity to suit.  As a result of Ms. Ramirez's negligence, Plaintiff sustained serious and permanently disabling injuries and damages, including but not limited to those requiring spinal surgery and several hundreds of thousands of dollars in treatment expenses.

At the time of the above collision, the 2014 Ford Explorer Plaintiff was driving was insured under a "Business Auto Coverage Form" issued by Defendant to Plaintiff's employer, the District. The Business Auto Coverage Form provided UIM coverage in the amount of $1,000,000, and Plaintiff was an "insured" under that UIM coverage.

Also at the time of the above collision, Maura Ramirez was insured for auto liability coverage by American Family, with bodily injury liability limits of $100,000 per person. Plaintiff settled his bodily injury claim against Ms. Ramirez for those $100,000 policy limits with the consent of Defendant.

Plaintiff made a claim with Defendant for UIM benefits. Defendant eventually paid Plaintiff approximately $345,000 in "Fisher payments" (*State Farm Mut. Auto Ins. Co. v. Fisher*, 2018 CO 39), in partial payment of UIM benefits owed under the policy.  Plaintiff attempted to conclude his claim with Defendant by final payment of the remaining UIM benefits owed under the policy, but Defendant refused to make such a final payment. This lawsuit then ensued.

Defendant has now filed a Counterclaim against Plaintiff, seeking a declaratory judgment that Defendant does not owe Plaintiff any UIM benefits whatsoever based upon an Order entered in *Employers Mut. Cas. Co. v. Trejo,* Civil Action No. 1:18-cv-03066-RM-KLM (D. Colo. Jun. 3, 2019).

It is Plaintiff's position that the *Trejo* Order is wholly inapposite to the case at bar and provides no substantive legal support for and no plausible basis for relief under Defendant's Counterclaim; therefore, Defendant's Counterclaim fails to state a claim upon which relief can be granted.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Rule 12 (b)(6), a court must accept all well-pleaded allegations (except those where legal conclusions are involved) in a Complaint, or a Counterclaim, as true and view those allegations in the light most favorable to the nonmoving party. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir.2014). "'[O]nly a [claim] that states a plausible claim for relief survives a motion to dismiss,'" *id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)(brackets added)), and a claimant must "'nudge [his or its] claims across the line from conceivable to plausible' in order to survive a motion to dismiss," *id.* (quoting *Bell Atlantic Corp. v.* Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007).

A claim may also be dismissed under Rule 12(b)(6) if the substantive law does not support the claim asserted, or if its factual allegations do not, as a matter of law, support a claim for relief. *See Pena v. American Family Mut. Ins. Co*., 2018 COA 56 (holding that a Complaint alleging statutory bad faith under C.R.S.§10-3-1115, based upon the refusal of the claimant's insurer to pay uninsured motorist property damage (UMPD) benefits due to the at-fault driver's insurer's non-liability denial of the claim, failed to state a claim upon which relief could be granted because, under Colorado law, a liability insurer's denial of the claim based on a non-liability determination did not amount to a "denial of coverage" so as to trigger UMPD coverage); *Nelson v. Nelson,* 497 P.2d 1284, 1285 (Colo. App. 1972) (claim may be dismissed

on motion for failure to state a claim if it is clearly without any merit; this want of merit may consist of an absence of substantive law to support a claim of the type alleged) (citing 2 A.J. Moore, Federal Practice 12.08 (2nd ed.)); *see also American Cas. Co v. Glaskin,* 805 F. Supp. 866, 869-70 (D. Colo. 1992) (counterclaims that do not allege cognizable claims under Colorado law dismissed under Rule 12(b)(6) for failure to state a claim).

### III. LEGAL ANALYSIS – THE *TREJO* ORDER

Defendant's Counterclaim alleges it is based (perhaps entirely) on Judge Raymond P. Moore's Order in *Trejo.* A copy of that Order is attached as EXHIBIT 1.

In *Trejo,* the insured was seriously injured in an auto accident caused solely by a co-employee's negligence while both were acting in the course and scope of their employment. Mr. Trejo's employer was in compliance with the Workers' Compensation Act of Colorado ("WCA"), and Mr. Trejo received workers' compensation benefits for his injuries. Plaintiff, Employers Mut. Cas. Co., had issued a commercial auto insurance policy to Mr. Trejo's employer; such policy included UIM coverage.

The parties in *Trejo* agreed that the WCA immunized Mr. Trejo's employer and the negligent co-employee from suit by Mr. Trejo for his injuries related to the auto accident. *See* C.R.S. §§8-41-102,104. Relying on *American Family Mut. Ins. Co. v. Ashour*, 410 P.3d 753 (Colo. App 2018) and *Borjas v. State Farm Mut. Auto. Ins. Co*., 33 P.3d 1265 (Colo. App. 2001), Mr. Trejo claimed that he was entitled to UIM coverage under the employer's auto policy because he was "legally entitled to recover" from the at-fault co-employee even though such co-employee was entitled to immunity under the WCA.

After analyzing *Ashour*, *Borjas* and *Continental Divide Ins. Co. v. Dickinson*, 179 P.3d 202 (Colo. App. 2007), Judge Moore distinguished *Ashour* and *Borjas,* noting that "those plaintiffs were found to be legally entitled to recover under their personal auto insurance policies," *Tejo,* slip op. at 4, and concluded that the approach advocated by the plaintiff insurer, *i.e.*, that as the negligent co-employee was immunized by the WCA, a bar of Mr. Tejo's UIM claim under his employer's auto policy would be supported under Colorado law, *id.* at 5.

Assuming, *arguendo*, that *Trejo* was correctly decided, Defendant's reliance upon *Trejo* in support of its Counterclaim is nevertheless misplaced as *Trejo* provides absolutely no substantive law support for such Counterclaim's declaratory relief. The applicable substantive law is in fact wholly unsupportive of such relief, *i.e.*, it is contrary to such relief.

It should be undisputed that Colorado law is applicable to this matter, and as this Court sits in diversity in this case, this Court must first look to authoritative precedent from the Colorado Supreme Court to ascertain such law. *See generally Adams-Arapahoe School District No. 28 v. GAF Corp.*, 959 F.2d 868,870-71 (10th Cir.1992). For nearly twenty-five years, and pursuant to the Colorado Supreme Court's decision in *Aetna Casualty & Surety Co. v. McMichael*, 906 P.2d 92 (Colo. 1995), it has been the law in Colorado: (a) that a motor vehicle liability insurer must offer UM/UIM benefits to a class co-extensive with the class covered under the policy's liability protection, *id.* at 98; and (b) work-related policy exclusion provisions (such as the very same exclusion provision alleged in Defendant's Counterclaim) are inapplicable in work-related auto crashes caused by third-party tortfeasors and cannot be used to avoid providing UM/UIM coverage to an otherwise insured employee under his or her employer's UM/UIM coverage, *id.* at 100. *See also Ashour*, 410 P.3d at 758 ("In *McMichael*, where an

5

employee was injured on the job by a third-party tortfeasor who was underinsured, the Colorado Supreme Court held that the injured employee was entitled to benefits under both workers' compensation and his employer's UIM policy"). And when the Colorado Supreme Court has not addressed an issue, this Court must anticipate how that court would rule and hold accordingly. *Flannery v. Allstate Ins. Co*., 49 F. Supp 2d 1223, 1227 (D. Colo. 1999). While not binding on a federal court, decisions of the Colorado Court of Appeals are indicative of how the Colorado Supreme Court would decide an issue. *Clark v. State Farm Mut. Auto. Ins. Co.,* 391 F.3d 1234, 1240 (10th Cir.2003).

Subsequent to Judge Moore's Order in *Trejo* (but before Defendant filed its Counterclaim), the Colorado Court of Appeals decided *Ryser v. Shelter Mut. Ins. Co*., 2019 COA 88. In that case, the Court of Appeals held that the trial court was correct in entering summary judgment in favor of the UM/UIM insurer, Shelter, based on the exclusivity provision of the WCA, C.R.S.§8-41-102, and the related co-employee immunity rule. The *Ryser* court noted that such case "requires us to decide whether this immunity bars a person who was injured in the course and scope of employment by a co-employee's negligence in driving a car from receiving UM/UIM benefits under an insurance policy maintained by another co-employee who owned the car." *Id.* at ¶1. The court held that because of the tortfeasor's co-worker immunity, Ryser could not satisfy the UM/UIM statutory requirement of being "legally entitled to recover" and thus could not receive such UIM benefits. *Id.*

In reaching such result, however, the *Ryser* court pointedly emphasized the difference between the case before it, *i.e.*, one where the co-employee tortfeasor had WCA immunity, and those cases, like *McMichael*, that allowed "recovery of UM/UIM benefits from an employer's

insurer where the employee was injured by a third-party tortfeasor, who does not enjoy immunity." *Id*. at ¶40.  As expressly noted by the *Ryser* court, "the lynchpin of [*McMichael* and similar cases] … is the tortfeasor's lack of immunity." *Id.* (case citations omitted)(brackets added).

The courts' reasoning in both *Trejo* and *Ryser* is based upon the necessary and indispensable fact that the at-fault driver, under the WCA, was immune from suit by the injured person that was claiming UM/UIM benefits.  In the case at bar, absolutely no allegation whatsoever has been asserted in Defendant's Counterclaim that third-party tortfeasor Maura Ramirez was a co-employee of Patrick Laurienti, or that Ms. Ramirez was statutorily immune from suit by Mr. Laurienti for his injuries related to subject crash pursuant to the WCA, or that Ms. Ramirez enjoyed any immunity whatsoever from such a suit.

While the instant case is only tangentially similar to *Trejo*, in that Mr. Laurienti, like Mr. Trejo, is claiming UIM benefits from his employer's insurer, nevertheless, the fact that was critical to Judge Moore's reasoning in *Trejo* was that the at-fault driver was immune from suit under the WCA. ("This case requires the court to examine the interplay between the WCA and Colorado's UM/UIM statute, Colo. Rev. Stat. §10-4-609." Slip op. at 3). Because neither WCA nor any other type of immunity for third-party tortfeasor Maura Ramirez is alleged in Defendant's Counterclaim -- and any such immunity is clearly inapplicable in the case at bar -- *Trejo* is simply inapposite here; the *McMichael* decision forecloses the relief sought by Defendant's Counterclaim; such Counterclaim does not present even a conceivable claim, let alone a plausible one; and Defendant's Counterclaim for Declaratory Relief (as based on the

7

*Trejo* Order or on the policy exclusion provisions recited in the Counterclaim) fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## IV. CONCLUSION

For the reasons more fully enunciated herein, Plaintiff respectfully requests that his Motion to Dismiss be granted and that Plaintiff be awarded his attorney fees pursuant to C.R.S.§13-17-101, *et seq.*, as Defendant's Counterclaim-is substantially frivolous, groundless or vexatious.

Respectfully Submitted,

*A duly signed original signature available at the offices of DiGiacomo, Jaggers & Perko, LLP*

*/s/Douglas J. Perko*
Douglas J. Perko
DiGiacomo, Jaggers & Perko, LLP
5400 Ward Rd., Bldg. III, Ste. 200
Arvada, CO 80002
Phone: (303) 420-4220
Email: doug@djatlaw.com
Attorney Reg. #15193
*Co-counsel for Plaintiff*

*A duly signed original signature available at the Office of Richard M. Crane*

*/s/Richard M. Crane*
Richard M. Crane
675 Kalamath Street
Denver, Colorado 80204
Phone: (303) 573-5731
Fax: (303) 893-6474
Email: rick@richardcranelaw.com
Atty. Reg. # 11218
*Co-counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2019, I electronically filed the foregoing **PLAINTIFF PATRICK LAURIENTI'S MOTION TO DISMISS PURSUANT TO Fed. R. Civ. P. 12(v)(6)** with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following e-mail addresses:

*Attorneys for Defendant American Alternative Ins. Corp.:*
Ellis J. Mayer, Esq.
emayer@ndm-law.com
Brenden W. Desmond, Esq.
bdesmond@ndm-law.com
Nathan Dumm & Mayer, P.C.

*/s/Kathy Weyer*
Kathy Weyer