IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01725-DDD-KLM

PATRICK J. LAURIENTI,

    Plaintiff,

v.

AMERICAN ALTERNATIVE INSURANCE CORPORATION,

    Defendant.
_____

**RECOMMENDATION AND ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion for Leave to Amend Answer to Include Additional Affirmative Defenses Pursuant to Fed. R. Civ. P. 15(a)(2)** [#43][1] (the "Motion"). Pursuant to 28 U.S.C. § 636(b) and D.C.COLO.L.CivR 72.1(c), the Motion has been referred to the undersigned for a recommendation regarding disposition. [#18, #44]. The Court has reviewed the Motion [#43], the Response [#47], the Reply [#48], the case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court **GRANTS IN PART** the Motion [#43], and recommends that the Motion [#43] be **DENIED IN PART**.

**I. Background**

Plaintiff filed his Complaint [#3] in Adams County District Court, Colorado, on May

---

[1] "[#43]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

6, 2019, and Defendant removed the case to this Court on June 13, 2019 [#1]. Plaintiff alleges that Defendant has underpaid, unreasonably denied or delayed UIM payments following a motor vehicle accident on May 16, 2017, which occurred while Plaintiff was driving his employer's vehicle insured by Defendant. *Complaint* [#3]. Plaintiff asserts the following claims in the Complaint [#3]: (1) for UIM and Med Pay benefits allegedly owed under the Policy; (2) unreasonable denial or delay of payment of first party claims in violation of Colo. Rev. Stat. §§ 10-3-1115 and 1116; and (3) bad faith breach of insurance contract.

Defendant filed its Answer and Counter-Claim for Declaratory Relief Pursuant to F.R.C.P. 57 [#13] on July 3, 2019. The Counter-Claim [#13] seeks a determination as to whether Defendant owes Plaintiff UIM benefits.

Defendant's current counsel filed Entries of Appearance [#30, #31] on September 13, 2019, after prior counsel withdrew from the case [#37, #39]. On October 29, 2019, defense counsel filed the instant Motion [#43] seeking to amend the Answer [#13] to add two additional affirmative defenses: (1) reliance on advice of counsel; and (2) collateral estoppel/issue preclusion. *Motion* [#43] at 1.

## II. Analysis

As a preliminary matter, Plaintiff does not oppose the Motion [#43] to the extent that Defendant seeks to amend the Answer to add an affirmative defense of reliance on the advice of counsel. *See Pl.'s Resp.* [#47] at 1. The Motion [#43] notes as to that affirmative defense that during the adjustment of the claim, Defendant hired early intervention counsel, Nathan Dumm & Mayer, to advise it on applicable Colorado law, and Defendant asserts that it relied upon that advice in its decisions on adjusting Plaintiff's claim. *Id.* at 3. To the

extent Plaintiff alleges that Defendant has "unreasonably" denied or delayed payment, Defendant argues "that the reasonableness of any denial or delay of payment should be gaged against the backdrop of the advice given by early intervention counsel." *Id.* As Plaintiff does not oppose this amendment, the Motion [#43] is **granted** to the extent Defendant seeks to amend the Answer [#13] to add the affirmative defense of reliance on advice of counsel.

The Court now turns to the disputed portion of the motion seeking to amend the Answer to add the affirmative defense of collateral estoppel/issue preclusion. The pleading amendment deadline expired on September 30, 2019. *Sched. Order* [#24] at 10. The Motion [#43] was filed on October 29, 2019, and is thus untimely. Accordingly, the Court must start its analysis with whether Defendant has shown good cause under Rule 16(b)(4). *See Ayon v. Kent Denver Sch.*, No. 12-cv-2546-WJM-CBS, 2014 WL 85287, at *2 (D. Colo. Jan. 9, 2014) (noting that where a party seeks to amend his pleadings after the deadline established in the scheduling order, "the majority of courts have held that a party must meet the two-part test of first showing good cause to amend the scheduling order under Rule 16(b), and then showing that amendment would be allowed under Rule 15(a)"); *cf. Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014) (holding that the trial court did not abuse its discretion by using "Rule 16's good cause requirement as the threshold inquiry to consider whether amendments should be allowed after a scheduling order deadline has passed").

Thus, Defendant is entitled to amend its Answer only if it makes the requisite showing at each step of the analysis. The two-step analysis is explained as follows:

> Rule 16(b)[(4)]'s good cause standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b)[(4)] does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, good cause means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, the Court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Intern. Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (citations omitted); *accord Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997). If Defendant fails to show good cause under Rule 16(b)(4), there is no need for the Court to move on to the second step of the analysis, *i.e.*, whether Defendant has satisfied the requirements of Rule 15(a). *Nicastle v. Adams Cnty. Sheriff's Office*, No. 10-cv-00816-REB-KMT, 2011 WL 1465586, at *3 (D. Colo. Mar. 14, 2011).

**A.     Rule 16: Good Cause to Modify the Pleading Amendment Deadline**

A scheduling order deadline, such as the pleading amendment deadline, "may be modified only for good cause with the judge's consent." Fed. R. Civ. P. 16(b)(4). This "good cause" requirement reflects the important role a scheduling order plays in the court's management of its docket. *Washington v. Arapahoe Cnty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000) ("[a] scheduling order is an important tool necessary for the orderly preparation of a case for trial").

As noted above, to demonstrate good cause pursuant to Rule 16, the moving party must "show that it [was] diligent in attempting to meet the [pleading amendment] deadline, which means it must provide an adequate explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). "Rule 16(b) does not focus on the

bad faith of the movant or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (citation omitted). "While rigid adherence to the pretrial scheduling order is not advisable," see *SIL-FLO, Inc., v. SFHC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990), the Court finds that compliance with the pleading amendment deadline is particularly important because of the capacity of an amendment to change the complexion of the case.

Defendant asserts that good cause exists pursuant to Rule 16 to add an affirmative defense of collateral estoppel/issue preclusion. It notes as to that defense that $402,965.11 out of Plaintiff's total $704,586.90 in past medical/treatment charges relate to two cervical spine surgeries performed on October 16, 2018 and October 19, 2018 (the "Surgeries"). *Motion* [#43], at 2. On February 27, 2019, in the worker's compensation claim, an administrative law judge ("ALJ") found that Plaintiff failed to establish that the Surgeries were reasonable, necessary, and causally related to Plaintiff's May 16, 2017 work injury. *Id.* at 2-3. Defendant asserts that the ALJ's ruling is the background and basis for the requested amendment to add the affirmative defense of collateral estoppel. *Id.*

Defendant further notes the relevance of the substitution of defense counsel in September 2019. Thus, Defendant states that it timely served its discovery responses after this substitution, on October 14, 2019, and that Defendant and undersigned counsel have been diligently investigating, preparing, and serving supplemental initial disclosures, to wit: September 30, 2019 Supplemental Disclosures; October 14, 2019 Amended Second Supplemental Disclosures; and October 14, 2019 Third Supplemental Disclosures. *Motion* [#43] at 3-4. Upon completion of those efforts, defense counsel states that they turned

their attention to review of the affirmative defenses asserted by prior counsel. *Id.* at 4. Defendant and its counsel aver that they acted with diligence in this matter to comply with discovery obligations and evaluate the pleadings; thus they contend that good cause exists to amend the Answer [#13] to add the collateral estoppel affirmative defense. *Id.*

Plaintiff disputes the diligence of Defendant, and thus opposes the amendment to add this affirmative defense. It notes that Defendant (and its attorneys) apparently had enough time to list twelve different affirmative defenses and a counterclaim in its original Answer (#13), but allegedly did not have enough time to add the affirmative defense of "issue preclusion" when it became aware of this alleged defense almost seven months prior to the time it filed its Motion [#43]. *Response* [#47] at 8.

Thus, Plaintiff asserts based upon correspondence and claims handling notes identified in the Response [#47] that Defendant apparently knew no later than March 26, 2019 that Pinnacol was challenging whether Plaintiff's October 2018 injuries were associated with his workers' compensation claim relating to the accident. *Id.* at 7; *Ex. 1* at 2. At that time, Defendant reserved the right to request an IME and statement under oath to determine how the 2018 surgeries related to the accident. *Id.* Defendant obtained a release to obtain Plaintiff's workers' compensation file no later than April 2, 2019. *Response* [#45], Ex. 2. As early as March 13, 2019, Jason Hilton, the adjuster for the "third-party administrator" who handled, investigated and evaluated Plaintiff's UIM claim for Defendant, *Response* [#47] at 3, was concerned about whether Plaintiff's October 2018 Surgeries were caused by his May 16, 2017 work-related automobile collision. Mr. Hilton took the position as of that date that if worker's compensation did not causally relate the

surgeries, Defendant could move forward with scheduling an Orthopedic IME to confirm if the surgeries were related. *Id.*, *Ex. 3*.

On April 8, 2019, Brenden Desmond (of "early intervention counsel" Nathan Dumm & Mayer), wrote Jason Hilton a letter in which he stated that he had recently received a copy of the worker's compensation file that contained the February 2019 ruling by the ALJ, and that "our suspicion that the second surgery was not related to the accident seems to be confirmed" based on that ruling. *Response* [#47] at 2, 4; *Ex. 6*. The letter further stated, "[g]iven this, we feel comfortable that our denial of this portion of the UIM claim is not in bad faith. We also feel comfortable stating that given the ALJ's determination that our final payment for the earlier surgery would act as a full and final satisfaction of Mr. Laurienti's claim." *Id*. Based upon the foregoing, it is Plaintiff's position that Defendant knew the facts relevant to its collateral estoppel defense well before the deadline to amend pleadings, and has not demonstrated good cause because Defendant has not been diligent in seeking the amendment. *Response* [#47] at 8.

Turning to the Court's analysis, to satisfy Rule 16(b)(4), Defendant must show that it was diligent in attempting to meet the pleading deadline, and provide an adequate explanation for any delay. *Minter*, 451 F.3d at 1205 n.4. Diligence can be shown through discovery of a new fact, or a change in the underlying case law. *Gorsuch, Ltd.*, 771 F.3d at 1240. However, if a party knew about "the underlying conduct" but simply failed to raise it, the amendment is barred. *Id.*

Here, the Court finds that Defendant has failed to show diligence through discovery of a new fact or a change in the underlying case law; instead, it seeks to add an affirmative defense that it was on notice of for months before the amendment deadline. Defendant

does not contest the facts asserted by Plaintiff in its Response [#47] about Defendant's knowledge of the worker's compensation proceeding and the ALJ's ruling in that proceeding that forms the basis of the collateral estoppel defense. While Defendant notes that newly substituted counsel entered an appearance only shortly before the pleading amendment deadline, "[t]he addition of counsel generally does not amount to good cause under the standard set out in Fed. R. Civ. P. 16(b)." *McMillan v. Wiley*, 813 F. Supp. 2d 1238, 1254 (D. Colo. 2011) (citing *Marcin Eng'g, LLC v. Founders at Grizzly Ranch, LLC*, 219 F.R.D. 516, 519 (D. Colo. 2003) ("That new counsel is dissatisfied with the state of the case it inherited is not" good cause for action requested after the court-ordered deadline has passed).

Defendant asserts, however, that a failure to seek amendment within the deadline provided in a scheduling order may be excused if due to oversight, inadvertence, or excusable neglect. *Reply* [#48] at 2. Defendant does not explain who was inadvertent or neglectful (*i.e.,* Defendant itself, its prior counsel, or its new counsel), or the specific facts as to such inadvertence, neglect, or oversight. Moreover, good cause "is interpreted narrowly, and oversight, mistake of counsel, or ignorance of the rules is usually not considered good cause." *Forzani v. Peppy Products*, No. 18-cv-01715-RM-KLM, 2018 WL 5845051, at *4 (D. Colo. Nov. 8, 2018) (quoting *In Re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996)).[2] Good cause also "'requires a greater showing than excusable neglect.'" *See Utah*

---

[2] The *Sil-Flo* case relied upon by Defendant for its argument is inapposite. The Tenth Circuit in *Sil-Flo* was addressing a motion to amend to add a counterclaim which it found was governed by Fed. R. Civ. P. 13(f). 917 F.2d at 1519. That rule, which is now abrogated, then allowed a pleader leave to amend to add a counterclaim if the pleader originally "fail[ed] to set up a counterclaim through oversight, inadvertence, or excusable neglect. . . ." Here, Defendant is not seeking to add a counterclaim.

*Republican Party v. Herbert*, 678 F. App'x 697, 700 (10th Cir. 2017) (quoting *In Re Kirkland*, 86 F.3d at 175); *see also Wischmeyer v. Wood*, No. 07-cv-01863-LTB, 2008 WL 2324128, at *2 (June 2, 2008) ("a district court 'is clearly not compelled to accept a lesser excusable neglect showing[,]'. . . . Change of counsel [and] inadvertent oversight on the part of counsel" are not sufficient to show good cause) (citation omitted). Finally, Defendant has not shown that the requirements of excusable neglect are even satisfied. *See Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004).[3]

The Court also notes that new counsel for the defense entered their appearance in September 2019 before the deadline to amend pleadings had expired, and counsel did not seek an extension of that deadline. Moreover, per Defendant's own Motion [#43], after counsel entered their appearance, counsel were initially focused on discovery responses that were due and making supplemental initial disclosures in September and October. *Id*. at 4. It was only after "completion" of the discovery responses and disclosures that counsel stated they "turned their attention to review of the affirmative disclosures asserted by prior counsel." *Id*. The Court finds that this also was not diligent, particularly given Defendant's knowledge of the worker's compensation proceeding and the ALJ's ruling which it now relies on to assert a collateral estoppel affirmative defense.

In short, Defendant has failed to "show meticulous efforts to comply with" Rule 16(b)(4). *In Re Kirkland*, 86 F.3d 176. Accordingly, the Court finds that Defendant has not shown good cause to amend its Answer [#13] to add the affirmative defense of collateral

---

[3] The Court also rejects Defendant's argument that by consenting to one amendment (to add the reliance on advice of counsel affirmative defense) but not another (as to the collateral estoppel affirmative defense), Plaintiff has waived any argument he might have in opposition to the procedural relief sought in this motion. *See Reply* [#48] at 3.

estoppel/issue preclusion. The Court therefore recommends that the Motion [#43] be denied as to the request to amend the Answer [#13] to add the affirmative defense of collateral estoppel/issue preclusion. As good cause has not been shown, the Court need not address whether leave to amend the Answer [#13] to add the collateral estoppel defense is proper under Fed. R. Civ. P. 15(a).

### III. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that Defendant's **Motion** [#43] is **GRANTED** as to the request to add the affirmative defense of reliance on advice of counsel, as this request is unopposed.

IT IS FURTHER **RECOMMENDED** that Defendant's Motion [#43] be **DENIED** as to the request to add the affirmative defense of collateral estoppel/issue preclusion.

Dated: December 16, 2019

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge